UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JONATHAN T. PETRO,

        Debtor.

Case No. DK 11-09082
Hon. Scott W. Dales
Chapter 7

_____/

FERGUSON ENTERPRISES, INC.,

        Plaintiff,

v.

JONATHAN T. PETRO,

        Defendant.

Adversary Pro. No. 11-80435

_____/

OPINION AND ORDER GRANTING
SUMMARY JUDGMENT MOTION

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Plaintiff Ferguson Enterprises, Inc. has filed a Motion for Partial Summary Disposition (the "Motion," DN 27).[1]   The Defendant, Jonathan T. Petro, filed Defendant's Response to Plaintiff's Motion for Partial Summary Disposition (DN 30), which raised procedural defects regarding the Motion, but did not address the merits.  In a scheduling order, the court granted the Defendant an additional opportunity to oppose the Motion, but the Defendant has not done so, despite the court's warning in that Scheduling Order that it "may treat the failure to file a supplemental response as consent to the relief requested in the Motion." *See* Scheduling Order dated April 17, 2012 (DN 31).  For the following reasons, the court will grant the Motion.

As set forth in the Pretrial Order dated November 30, 2011, the court has jurisdiction over the Defendant's bankruptcy case and this adversary proceeding, and

---

[1] Although the Plaintiff has labeled the Motion as one for "partial" summary judgment, it appears to seek through this Motion final judgment disposing of all issues in the case.

authority to enter final judgment. The matter is a core proceeding involving the exception to discharge (and liquidation) of a particular debt under 11 U.S.C. § 523(a)(4).

The Plaintiff's Motion relies on Fed. R. Civ. P. 56, which applies to this adversary proceeding under Fed. R. Bankr. P. 7056. The court should grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Either party may support its position by "citing to particular parts of materials in the record," such as depositions, affidavits, stipulations, admissions, or other such materials. Fed. R. Civ. P. 56(c)(1). Here, the Plaintiff refers to numerous documents attached to its Motion.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party, in this case the Defendant. *See Hatchett v. United States*, 330 F.3d 875, 880 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A genuine issue for trial exists, and summary judgment is not appropriate, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the moving party has met its summary judgment burden by showing that no genuine issue for trial exists, the nonmoving party can avoid summary judgment by presenting specific evidence that raises a genuine issue for trial or by objecting to a fact that is not supported by admissible evidence. *See* Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In response to the Motion, the Defendant has not pointed the court to anything in the record, let alone anything else, that raises a genuine issue of material fact or suggests in any way that the Plaintiff is not entitled to judgment under the law.

As a statutory predicate for relief in this adversary proceeding, the Plaintiff relies on 11 U.S.C. § 523(a)(4), which excepts from discharge certain debts resulting from defalcation while acting as a fiduciary. To establish the fiduciary aspect of its case, the Plaintiff relies on the statutory trust that arises under the Michigan Building Contract Fund Act, M.C.L. § 570.151 *et seq.* ("MBCFA") when a contractor receives payment on a construction project (a "building contract fund"). Under the statute, the contractor holds the fund in trust for the benefit of laborers and suppliers on specific construction projects. There is no dispute that the Plaintiff is such a supplier. It must, therefore, prove its case under the MBCFA in order to obtain a judgment excepting the debt from discharge under 11 U.S.C. § 523(a)(4).

The *prima facie* elements of a civil action brought pursuant to the MBCFA are:

> (1) the defendant is a contractor . . . engaged in the building construction industry, (2) a person paid the contractor . . . for labor or materials provided on the construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project.

*DiPonio Constr. Co. v. Rosati Masonry Co.*, 631 N.W.2d 59, 62 (Mich. Ct. App. 2001). Under well-established law, as articulated by Judge Spector in *Cappella v. Little (In re Little)*, 163 B.R. 497, 500-01 (Bankr. E.D. Mich. 1994), after a Plaintiff establishes receipt of a building contract fund —the *res* of the statutory trust— the Defendant, as fiduciary, must account for the disposition of the trust fund by showing that he used the funds in a manner consistent with the statutory trust.

From the court's review of the uncontested Motion, it appears the Plaintiff sold and delivered various plumbing and heating materials and equipment to the Defendant's affiliate, Petro Plumbing, L.L.C. (the "LLC"). Given the Defendant's relationship to the LLC as managing member (Exh. L), and given that he is a licensed plumbing contractor (Exh. E & F), the court regards him as a "contractor" as that term is used in interpreting the MBCFA. As a contractor, he is chargeable as a true fiduciary under the MBCFA. *People v. Brown, 239 Mich. App. 735, 739-740, 610 N.W.2d 234 (2000)*; *Shamrock Floorcovering Services, Inc. v. Patel (In re Patel)*, 565 F.3d 963, 968-69 (6th Cir. 2009); *Trustees of the Mich. Reg'l Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370, 373 (E.D. Mich. 2005).

Relying principally on the LLC's own bankruptcy schedules, which Defendant signed under penalty of perjury, the Plaintiff asserts that (with one immaterial exception) the LLC had no accounts receivable. This establishes that the LLC received payment on the projects in which the Plaintiff's claim arose, and that the LLC (and the Defendant as its fiduciary) received a "building contract fund" for which the Defendant must account under *In re Little*. As noted above, the Defendant has offered nothing in response to the Motion from which the court could infer a genuine issue regarding his accounting. On this Motion, he has not shouldered his burden of proof.

According to the Plaintiff's summary of invoices, the LLC owed the Plaintiff $94,128.90 for materials supplied to specific construction projects detailed in the supporting papers (Exh. G & Exhs. G1-G60). Because the court finds no genuine issue

as to any material fact, the court will grant the Motion, and enter judgment in the Plaintiff's favor in the amount of $94,128.90. *See Longo v. McLaren (In re McLaren),* 3 F.3d 958, 966 (6th Cir. 1993) (bankruptcy court may establish amount of debt in dischargeability proceedings). The court's judgment will establish the debt and declare that it is excepted from discharge under 11 U.S.C. § 523(a)(4).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 27) is GRANTED and the hearing scheduled for May 23, 2012, at 1:30 p.m. is CANCELLED.

IT IS FURTHER ORDERED that the Clerk shall enter a separate judgment consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Melvin Ronald Partovich, Esq. and Michael D. Almassian, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 26, 2012**



Scott W. Dales
United States Bankruptcy Judge